MICHAEL D. NELSON, SBN 171359
WORKERS RIGHTS LAW OFFICE
360 Ritch Street, Suite 201
San Francisco, California 94107
Telephone: (415) 475-7475
Fax: (415) 475-7496
mnelson@workersrights.law

Attorneys for PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD MILLER, MICHAEL HURSH, on behalf of themselves and all others similarly situated, | Case No: |
| PLAINTIFFS, | **COLLECTIVE ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, and Does 1 through 10, inclusive, | **29 U.S.C. §216** |
| DEFENDANTS. | JURY TRIAL DEMANDED |

**I.**

**INTRODUCTION**

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq., to recover from DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA (DEFENDANT) unpaid overtime pay and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

1

2. The action focuses on DEFENDANT'S failure to include all statutorily required remuneration in the calculation of its workers' "regular rate" and therefore incorrectly determining of workers' overtime compensation, including PLAINTIFFS TODD MILLER AND MICHAEL HURSH (PLAINTIFFS) and those similarly situated.

## II.
## PARTIES

3. PLAINTIFFS are residents of the State of California who are and were employed by DEFENDANT at its Berkeley, California campus and were during the entire statutory period.

4. DEFENDANT is a California statewide university with campuses and business offices located in Oakland, Berkeley, Davis, Merced, Los Angeles, Irvine, San Diego, Riverside, Santa Cruz, Santa Barbara, and San Francisco, California.

## III.
## JURISDICTION

5. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. §§ 201, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1391 and 29 U.S.C. §§ 207, 216(b).

## IV.
## VENUE

6. Venue is proper in this District Court because a substantial number of the acts and omissions alleged herein occurred, and DEFENDANT also conducts substantial business, in the District Court Division. In addition venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because DEFENDANTS reside in and/or conduct business in this judicial district.

## IV.
## COLLECTIVE ACTION ALLEGATIONS

7. PLAINTIFFS seek to represent those non-exempt current and former employees of DEFENDANT in the state of California who during the three-years preceding the date of filing of this lawsuit, and who were injured by DEFENDANT'S uniform policy and practice of failing and refusing to include all remuneration received in the calculation of an employee's regular and overtime rate of pay. For example, DEFENDANT failed to

incorporate "on call" amounts earned in the calculation of PLAINTIFFS' regular rate and, therefore, failed to pay them all overtime amounts owed.

8. PLAINTIFFS allege on information and belief that DEFENDANT also applied this uniform policy to other remuneration earned by PLAINTIFFS, such as, but not limited to, shift differentials, incentive payments, and lump sum premiums.

9. The GROUP PLAINTIFFS may be easily identified by reviewing DEFENDANT'S existing on-hand records for those non-exempt persons who received overtime pay in a workweek as well as other remuneration that DEFENDANT failed to include as the additional sums in the calculation for an overtime rate during the past three years. Accordingly, identifying the PLAINTFFS should require mere computer strokes.

10. PLAINTIFFS and GROUP PLAINTIFFS share a well-defined community of interest in the respective questions of law and fact permeating this case. All covered by this lawsuit were and are subject to DEFENDANT'S uniform policies and practices as described even though the GROUP PLAINTIFFS places of employ span several job classifications and campuses.

11. PLAINTIFFS' claims are typical of those related to the GROUP PLAINTIFFS. In addition, PLAINTIFFS' have no interest adverse to the GROUP PLAINTIFFS and will fairly and adequately represent the interests of all those similarly situated.

12. The exact number of GROUP PLAINTIFFS similarly situated in the collective group, as identified and described above, is estimated to consist of more 100 individuals.

13. There are common questions of law and fact relating to and affecting the rights of each member of the collective group, including whether DEFENDANT failed to fully compensate them as required by the FLSA, specifically inclusion of all remuneration in one's regular rate.

14. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members which may as a practical matter be dispositive of the interests of the other members not parties to those adjudications, or may substantially impair or impede their ability to protect their interests.

15. PLAINTIFFS' lawyers are experienced and capable in the field of employment collective and class action litigation and have successfully represented thousands of claimants resulting in the recovery of millions of dollars.

16. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated former and current employees of DEFENDANT so that they may make an informed decision about whether to join this action.

## V.
## FACTUAL ASSERTIONS

17. PLAINTIFFS are, or were, employed by the DEFENDANT within the last three (3) years with this state.

18. At all times relevant hereto, DEFENDANT suffered or permitted PLAINTIFFS and other similarly situated individuals to work in such capacities that resulted in remuneration in addition to their hourly rate. At all times relevant hereto, DEFENDANT impermissibly excluded certain remunerations and undervalued the "regular rate" of pay, upon which all forms of PLAINTIFFS' overtime compensation are based.

19. Pursuant to 29 U.S.C. § 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

20. DEFENDANT's past and current practice of computing PLAINTIFFS' overtime has impermissibly reduced the amount being paid to PLAINTIFFS by failing to compute all statutorily required amounts into PLAINTIFFS' "regular rate" of pay as defined by 29 U.S.C. § 207(e).

## FIRST COUNT
### (Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)

21. PLAINTIFFS incorporate by reference each and every paragraph above as though set forth fully herein.

22. DEFENDANT suffered or permitted PLAINTIFFS, and on information and belief other similarly situated individuals, to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation, and/or compensation time off.

23. By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation and compensation time off, DEFENDANT failed to

4

COLLECTIVE ACTION FOR VIOLATION OF THE　　　　　　　　　　　　　　*Miller, et. al. v. Regents of the*
FAIR LABOR STANDARDS ACT　　　　　　　　　　　　　　　　　　*University of California, et. al.*

compensate PLAINTIFFS and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

24. At all times relevant hereto, DEFENDANT and its agents and representatives were aware of their wrongdoing and of their obligations to pay PLAINTIFFS and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

25. At all times relevant hereto, DEFENDANT and its agents and representatives knew or should have known of their obligations to pay PLAINTIFFS and similarly situated individuals overtime compensation at one and one-half of their regular rate of pay for all hours worked in excess of the applicable maximum weekly hours established by § 207 of the FLSA.

26. At all times relevant hereto DEFENDANT's failure to fully compensate PLAINTIFFS for all hours worked was not in good faith, and was a willful violation of the FLSA.

27. As a result of the foregoing violations of the FLSA as herein enumerated, PLAINTIFFS seek damages for three (3) years' back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages for all those covered by this complaint.

28. PLAINTIFFS also seek reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. Recovery of unpaid overtime compensation and interest thereon;
2. Recovery of liquidated damages equal to all unpaid compensation for all PLAINTIFFS pursuant to 29 U.S.C. § 216(b).
3. A determination that DEFENDANT's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore PLAINTIFFS are entitled to recover damages under a three (3) year statute of limitations;
4. For reasonable attorney fees pursuant to 29 U.S.C. § 216(b);
5. For costs incurred;
6. For injunctive relief ordering DEFENDANT to cease and desist from failing to include all remuneration in the calculation of employees' regular and overtime rates;
7. For conditional certification of the class as plead;
8. For an order to timely notify all potential class members of this action;
9. For such other and further relief as the Court deems just and proper.

Dated: April 25, 2017                           WORKERS RIGHTS LAW OFFICE

                                                By:_____
                                                MICHAEL D. NELSON

6

COLLECTIVE ACTION FOR VIOLATION OF THE                    *Miller, et. al. v. Regents of the*
FAIR LABOR STANDARDS ACT                                  *University of California, et. al.*